UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDITH ABASI MWILA, et al.,<br><br>    Plaintiffs,<br><br>        v.<br><br>ISLAMIC REPUBLIC OF IRAN, et al.,<br><br>    Defendants. | Civil Action No. 08-1377 (JDB) |

**MEMORANDUM OPINION & ORDER**

Plaintiffs wish to begin enforcing a judgment awarded under the Foreign Sovereign Immunities Act (FSIA). They have accordingly filed [134] a motion asking the Court to issue an order pursuant to 28 U.S.C. § 1610(c) finding that "a reasonable period of time has elapsed following the entry of judgment and the giving of any notice required under [28 U.S.C. § 1608(e)]." Defendant Iran (and its Ministry of Information and Security) has never appeared in this case and so has filed no opposition. Defendant Sudan (and its Ministry of Interior), however, is now participating in the litigation and opposes plaintiffs' request. Sudan's Opp'n [ECF No. 135]. But the Court does not think Sudan's arguments provide a reason not to issue the requested order, and it will grant plaintiffs' request.

The first question is whether plaintiffs have given proper notice under § 1608(e), which requires plaintiffs who have obtained a default judgment under the FSIA to send a copy of that judgment to the foreign sovereign "in the manner prescribed for service in" § 1608(a). Plaintiffs served Sudan through diplomatic channels consistent with § 1608(a)(4), and there is no claim that that service was inadequate. But the adequacy of plaintiffs' service on Iran is not as obvious. In a prior order this Court noted some irregularities in the paperwork purporting to show service of the judgment on Iran. Order of Apr. 1, 2015 [ECF No. 117] at 7 n.6. And plaintiffs have not done

1

a very good job of explaining what they did and why it is sufficient. But after studying the record in more detail, the Court is persuaded that Iran was served with a copy of the default judgment in this case.

After first trying unsuccessfully to serve Iran by mail consistent with § 1608(a)(3), plaintiffs began the process of service through diplomatic channels under § 1608(a)(4). On June 18, 2014, they sent a letter to the Clerk of this Court that clearly identified this case by name and number, as well as two companion cases, Owens v. Republic of Sudan, No. 01-CV-2244, and Khaliq v. Republic of Sudan, No. 10-CV-356. Attached to the letter were "copies of the orders and judgments—in both English and Farsi—as entered against the defendants by the Court in the above listed actions on March 28, 2014." [Owens ECF No. 328]. Plaintiffs asked the Clerk to forward the materials to the relevant State Department official for transmission to Iran. The Clerk appears to have done so, although the certificate of mailing lists only the Owens case name and number. Certificate of Mailing [Owens ECF No. 330]. In December 2014, the Clerk received two letters from the State Department indicating that the judgments in this case and in Khaliq had been transmitted to Iran. [Owens ECF No. 354]. The State Department letter regarding this case, however, described it as "Case No. 10-CV-2244," almost (but not quite) the case number in Owens; and the accompanying diplomatic communiques described it as "Case No. 01-cv-2244." The actual Owens judgment, it seems, was not successfully transmitted at the same time. Plaintiffs asked the Clerk to resend it to the State Department, and the State Department confirmed its transmission to Iran in a third letter, received in July 2015. [Owens ECF No. 380].

While it is obviously not ideal that the materials evidencing service of the judgment in this case on Iran list the wrong case number, the Court does not believe that error is reason to deem the service inadequate. What matters, of course, is that Iran was made aware of the judgment and the

correct case number.  The Court has no reason to think it was not.  The judgment itself contained the correct case number, and presumably the Farsi translation did as well.  Plaintiffs' June 2014 letter indicates that the judgments in all three cases were given to the Clerk for forwarding to the State Department; and the eventual receipt of three separate letters from the State Department indicates that all three judgments were transmitted to Iran.  That the letters confirming the transmission of the judgment in this case used the wrong case number is harmless error in light of the evidence that Iran received the judgment itself.  Unless and until Iran itself comes forward with evidence that it did not receive the judgment, the record supports the conclusion that it did.  Accordingly, the Court will not deny plaintiffs' request on the ground of inadequate service.

Sudan offers two other reasons not to grant plaintiffs' request, but they can be quickly dispensed with.  First, Sudan argues that the Court should not deem "a reasonable period of time" to have elapsed in light of Sudan's motion to vacate this judgment under Federal Rule of Civil Procedure 60(b) and the stay (over Sudan's opposition) of Sudan's appeal of the judgment.  See Sudan's Opp'n at 3–6.  But the Court has just recently denied Sudan's motion to vacate, leaving its appeal free to proceed, so that is no longer an issue.  Sudan's second reason is that, in Sudan's view, a "reasonable period" cannot be said to have elapsed until Sudan has pursued all of its appeals to completion.  See id. at 6–10.  But the Court has already rejected this argument and is not persuaded that its prior view is incorrect.  See Owens v. Republic of Sudan, 2015 WL 6530582, at *6 (D.D.C. Oct. 28, 2015).

Iran received the judgment in this case through diplomatic channels in August 2014; Sudan, in June 2015.  A reasonable period of time has elapsed since then.  The Court will therefore issue the requested order, cautioning once again that the order "will not authorize the attachment or

execution upon any particular property: plaintiffs must still convince a court with jurisdiction over specific assets that those assets are subject to attachment or execution under § 1610." Id. at *7.

## ORDER

For the foregoing reasons, it is hereby **ORDERED** that, based on the Court's findings that plaintiffs have given defendants proper notice of [88] the Court's March 28, 2014 Order entering judgment against defendants, and that a reasonable period of time has elapsed since the entry of judgment and the giving of notice, see 28 U.S.C. § 1610(c), plaintiffs are entitled to enforce their judgment against defendants in any manner consistent with 28 U.S.C. § 1610 and any other applicable provisions of law.

**SO ORDERED**.

/s/
JOHN D. BATES
United States District Judge

Dated: April 5, 2016